UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:04CV-164-M

PANFILO AMAR, ET AL.                                                                        PLAINTIFFS

VS.

MINNESOTA MINING & MANUFACTURING
COMPANY, ET AL.                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Reconsideration [DN 52] and a Motion to Alter Judgment [DN 53] brought by Defendant, Minnesota Mining & Manufacturing Company ("3M"). Fully briefed, this matter stands ripe for decision. For the following reasons, Defendant's motions are **DENIED.**

### I. STANDARD OF REVIEW

Motions to reconsider are treated as motions to alter or amend a judgment under F.R.C.P. 59(e). McDowell v. Dynamics Corp. of Am., 931 F.2d 380, 382 (6th Cir. 1991). Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Granting or denying a Rule 59(e) motion is within the informed discretion of the district court. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).

### II. BACKGROUND

On October 19, 2005, the Court granted Plaintiffs' motion to remand this case back

-1-

to the Union Circuit Court for lack of subject matter jurisdiction. The Court did not entertain 3M's motion to sever once it determined that it did not have subject matter jurisdiction. 3M now asks the Court to reconsider its Order, contending that the Court should have considered the issue of severance before considering the issue of remand. 3M cites a recent case from the Eastern District of Kentucky wherein the Court decided the issue of severance before deciding the motion to remand.

The Plaintiffs insist that the Court's decision to remand without deciding the severance issue was correct. Furthermore, the Plaintiffs argue that pursuant to 28 U.S.C. § 1447(d), the Court lacks jurisdiction to consider 3M's motion to reconsider because the Court's remand order has already been sent to the Union Circuit Court Clerk. In reply, the Defendant argues that § 1447(d) does not apply if the remand was based on non-§ 1447(c) grounds or if the remand Order was based on a substantive decision on the merits of a collateral issue as opposed to simply a matter of jurisdiction.

### III. DISCUSSION

As a general matter, once a district court certifies a remand order to a state court it is divested of jurisdiction and can take no further action on the case. Hughes v. General Motors Corp., 764 F. Supp. 1231, 1238 (W.D. Mich. 1991). If, however, the appellate court has jurisdiction to review the remand order, the district court can similarly review its own order. In re Shell Oil Co., 932 F.2d 1523, 1528 (5th Cir. 1991). Thus, the Court only has authority to reconsider its remand order if the Sixth Circuit could entertain an appeal of our denial of remand in this action.

The text of 28 U.S.C. § 1447(d) would seem to preclude most appellate review of a grant of a motion to remand. It states, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title [28 USCS § 1443] shall be reviewable by appeal or otherwise." Both parties, though, have pointed out that courts do not read § 1447(d) literally. Specifically, there are certain circumstances in which appellate review is appropriate despite the fact that a district court has certified a remand order to a state court. First, in Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996), the Supreme Court concluded that only remands based on grounds set forth in § 1447(c)--specifically a determination by the district court that it lacked subject matter jurisdiction--are immune from review under § 1447(d).[1] Thus, any remand based on a non-§ 1447(c) ground is subject to review. However, if a district court remands a case based on grounds listed in § 1447(c), it cannot review the remand order even if its decision to grant remand was erroneous. Zuniga v. Blue Cross & Blue Shield, 52 F.3d 1395, 1400 (6th Cir. 1995). Relatedly, if the district court based its remand order "on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction," then appellate review is appropriate despite the specific language of § 1447(d). Regis Associates v. Rank Hotels (Management), Ltd., 894 F.2d 193, 194 (6th Cir. 1990). In sum, the Court's reconsideration of the decision to remand is only appropriate if remand was based on a non-§

---

[1] Section 1447(d) must be read in conjunction with § 1447(c). See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345 (1976).

1447(c) factor or if remand was based on a substantive decision on the merits of a collateral issue.

> Such non-§1447(c) grounds are set forth as follows:
>
> Non- § 1447(c) grounds for which a district court might remand a case include those remands made for purely discretionary reasons, Giles v. NYLCare Health Plans, 172 F.3d 332, 336 (5th Cir. 1999), abstention-based remands, Quackenbush, 517 U.S. at 712, remands based on § 1367, Smith, 172 F.3d at 926 n.5, remands based on § 1445(c), In re Excel Corp., 106 F.3d 1197, 1200 (5th Cir. 1997), and remands based on the district court's discretionary powers under § 1441(c), Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 103 (5th Cir. 1996), among others.

Schexnayder v. Entergy La., Inc., 394 F.3d 280, 283 (5th Cir. 2004); See also Thermtron, 423 U.S. at 344-45 (appellate review was appropriate when a district judge remanded a diversity suit because of a crowded federal docket).

As to the second ground, though the phrase "on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction" is somewhat amorphous, the Sixth Circuit is clear that when the crux of the decision is to ascertain jurisdiction, appellate review is inappropriate. See Baldridge v. Kentucky-Ohio Transp., 983 F.2d 1341, 1349 (6th Cir. 1993) (finding that when "the heart of this decision was jurisdictional," the "substantive decision" doctrine is inapplicable). See also Anusbigian v. Trugreen/Chemlawn, Inc., 72 F.3d 1253, 1256 (6th Cir. 1996) (noting that courts make a distinction between jurisdictional and substantive aspects of district court orders of remand). As to fraudulent joinder, the Sixth Circuit has held that in the context of remand it is not a collateral issue that the Court can review. Titus v. Knoll Pharm. Co., No. 03-3706, 2004 U.S. App. LEXIS 15582, at *4

(6th Cir. Jul. 24, 2004). See also Calvert v. Xerox Corp., No. 94-1701, 1995 U.S. App. LEXIS 5341, at *3 (6th Cir. May 2, 1995) (the district court's inquiry into ERISA preemption and fraudulent joinder was "necessarily related to the question of jurisdiction."). In a remarkably similar case to the one before us, the court in Godsey v. Miller, Nos. 00-5045, 00-5055, 2001 U.S. App. LEXIS 9402, at *6 (6th Cir. May 10, 2001) considered the appeal of a remand order that had been labeled as "FINAL AND APPEALABLE."[2] In the remand order, the district court had previously determined that remand was appropriate because, after examining the applicable statute, it found the plaintiffs cause of action to be valid, thus destroying diversity and depriving it of jurisdiction. Id. at *5. On appeal, the court found itself powerless to review the issue of remand, noting that the district court was correct to assess the state law claim in order to determine if it had jurisdiction. Id. at *11-*12.

This case was remanded to state court for only one reason—the Court determined that it lacked subject matter jurisdiction. No non-§1447(c) factor entered the Court's calculus. Likewise, the decision was not a substantive decision on the merits of a collateral issue; rather, the decision was solely based on lack of diversity. The Court examined a state statute for the sole purpose of determining whether Plaintiffs stated a colorable claim against a non-diverse party. The Court did not address the merits of the claim based on the statute or reach the merits of any other substantive issue. The crux of the determination was jurisdictional. Therefore, the Court finds that it no longer has jurisdiction over this matter to reconsider

---

[2]It is also irrelevant that the Court did not cite § 1447(c) in its remand order. Anusbigian, 72 F.3d at 1255.

whether it should have decided the issue of severance prior to remanding the matter to state court.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration [DN 52] and Motion to Alter Judgment [DN 53] are **DENIED.**

cc: counsel of record
04cv-164Amar(2)